GEORGE CAMMARATA, as Secretary Treasurer of the Building Service Employees International Union Local 32E, A. F. of L., an Unincorporated Association, Plaintiff, *v.* BARGUS REALTY Co., INC., Defendant.

Supreme Court, Special Term, Bronx County, March 2, 1948.

*Jacques Buitenkant* for plaintiff.

*William Sadoff* for defendant.

BRISACH, J. Plaintiff, an unincorporated association known as Building Service Employees International Union Local 32E, moves for an injunction *pendente lite* enjoining the corporate defendant from evicting William Young from his apartment. Young is a superintendent of a multiple dwelling, and occupies the apartment as part of his employment. Defendant has made a cross motion to dismiss the complaint for insufficiency.

The complaint alleged that on January 27, 1948, Young designated the plaintiff union his bargaining representative; that on or about that date plaintiff sent to defendant a letter informing it that plaintiff was designated as bargaining representative; that on February 16, 1948, plaintiff filed a charge with the State Labor Relations Board, wherein the defendant was accused of violating the State labor act, in that Young was discharged because of his union activities; and that the action before the labor board is now being processed.

This temporary injunction is now sought on the theory that unless the defendant is restrained from evicting Young pending the determination of the charge now before the labor board, plaintiff and Young would suffer irreparable damage. Thus, the issue is whether or not a court of equity will entertain an action after the power of the State labor board has been invoked by the plaintiff.

This precise question was presented to Mr. Justice GREENBERG in *Gomeringer* v. *Natrel Realty Corp.* (64 N. Y. S. 2d 361). It was there held (p. 363) that " where the labor union has initiated proceedings before the State Labor Relations Board to determine the very issue which is the subject of the complaint and which falls within its jurisdiction, the court must be held without power to interfere." The court further pointed out that should the plaintiff be successful in the labor board pro-

ceeding, there would be a reinstatement of position, a reoccupation of the apartment and a reimbursement for any loss of earnings (pp. 364–365). In view of a prior decision of this court, wherein on the same facts relief was denied the plaintiff, I am constrained to deny the motion for an injunction *pendente lite,* vacate the stay and grant the motion to dismiss the complaint. Settle order.